Rachel E. Kaufman
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881
Email: Rachel@kaufmanpa.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

HEATHER LEE MINOR, individually and on behalf of all others similarly situated,

*Plaintiff*,

*v.*

QUINSTREET PL, INC., a California corporation d/b/a AmOne,

*Defendant.*

Case No.

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

## CLASS ACTION COMPLAINT

Plaintiff Heather Lee Minor ("Plaintiff Minor" or "Minor") brings this Class Action Complaint and Demand for Jury Trial against Defendant Quinstreet PL, Inc. doing business as AmONE ("Defendant" or "AmONE") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by sending unsolicited text messages to phone numbers that are registered on the National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Minor, for this Complaint, alleges as

follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1. Plaintiff Minor is a resident of Tallahassee, Florida.

2. Defendant Quinstreet PL, Inc. is a California registered corporation that is headquartered in Foster City, California.

3. Quinstreet PL, Inc. operates under the brand name AmOne, which is not a separate legal entity but a trade name used in its consumer loan-matching business.

## JURISDICTION AND VENUE

4. This Court has Federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

5. This Court has personal jurisdiction over the Defendant and venue is proper since the Defendant resides in this District and made calls from this District.

## INTRODUCTION

6. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—

3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. According to online robocall tracking service "YouMail," 4.8 billion robocalls were placed in May 2025 alone, at a rate of 155.8 million per day. www.robocallindex.com (last visited June 30, 2025).

11. The FCC also has received an increasing number of complaints about unwanted calls. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. “Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC.” Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. “The FTC receives more complains about unwanted calls than all other complaints combined.” Staff of the Federal Trade Commission’s Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14. Quinstreet PL, Inc. operates under the brand name AmOne. AmOne is not a separate corporate entity, but a consumer-facing trade name owned and used by Quinstreet PL, Inc. in connect with its lead generation and loan-matching services.



[3]

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.amone.com/

15. Quinstreet Inc. acquired AmONE Corp on October 1, 2018[4] and as per the above, it operates AmONE as a brand that is owned and operated by Quinstreet PL, Inc.

16. Defendant AmONE is a loan matching company that connects consumers and small business owners to loan providers.[5]

17. Defendant AmONE places calls and sends text messages to consumers to generate business.

18. Consumers have posted many complaints online about unsolicited calls and/or text messages that they received from AmONE, including complaints about calls and/or text messages that were intended for other consumers, as per Plaintiff's experience that include:

- "I have repeatedly told them that I am not merron and that continuing to call and/or text will result in criminal complaints. Just got that filed and look forward to court. It should be noted ***I have told them numerous times I am not Merron and have been subjected to this continuous unwanted contact*** since ON OR ABOUT December 2024"[6] (emphasis added)
- "AmOne has been spamming my mobile number with texts, calls, and voicemails since around January of this year, 2024 with references to a personal loan, applied for by someone named *********, (my name is not *********). ***I have never contacted AmOne for a loan or for any legitimate business reason, other than to tell them multiple times that I am not ************, I have never applied for any loans with them, and

[4] https://www.marketscreener.com/quote/stock/QUINSTREET-INC-5948969/news/QuinStreet-Inc-acquired-AmOne-Corp-from-Roderick-M-Romero-for-28-3-million-34558602/
[5] https://www.linkedin.com/company/amone/about/
[6] https://www.google.com/search?q=amone

to please stop contacting me... I want them to stop doing this and remove my number from their accounts."[7] (emphasis added)

- "Starting in September 2023 I started receiving phone calls & text messages messages from this company asking for a ******. Multiple calls a day at all times. ***I have explained MULTIPLE times I am not nor do I know a *********. I asked for my number and information to be deleted from their system. They simply apologize and hang up. Once a lady offered to remove my information and said she had multiple applications with my number connected to a ******. I asked her to remove them all and make note I am not applying for anything. If loan applications are being done with my information and it's not being deleted from the system, I will be taking further steps to get this taken care of. If a lawsuit needs done for harassment and identity theft then I can move forward with that. AmONE needs to do us both a favor and delete my information and prevent any further applications being submitted with my information."[8] (emphasis added)
- "This company is allowing someone to steal my phone number. I have been bombarded by calls and texts that come in at all hours asking for someone named ******** about their appointment. ***I told someone who called that I am not Richmond and this is not their phone number, but they wont stop contacting me***."[9] (emphasis added)

19. Defendant AmONE is placing unsolicited calls and text messages to phone numbers that are registered on the DNC, as per Plaintiff's experience.

20. In response to these calls and text messages, Plaintiff Minor brings this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, and an award of statutory damages to the members of the Class and costs.

---

[7] https://www.bbb.org/us/ca/san-mateo/profile/loans/amone-1116-938567/complaints
[8] https://www.bbb.org/us/ca/san-mateo/profile/loans/amone-1116-938567/complaints?page=2
[9] Id.

## PLAINTIFF MINOR'S ALLEGATIONS

21. Plaintiff Minor is the sole owner and user of her cell phone number ending in 0419.

22. Plaintiff Minor registered her cell phone number on the DNC on March 4, 2022.

23. Plaintiff Minor uses her cell phone number for personal use only as one would use a landline telephone number in a home, including to communicate with family and friends.

24. Plaintiff Minor has never advertised her cell phone number online or used it for business purposes.

25. The calls that Plaintiff Minor received from AmONE were received more than 31 days after the Plaintiff registered her cell phone number on the DNC.

26. On April 26, 2025 at 9:14 AM, Plaintiff received an unsolicited text message to her cell phone addressed to Melvin referencing the missed call from 317-854-8640:




27. When 317-854-8640 is dialed, an automated system identifies the company name AmONE.[10]

28. On April 28, 2025 at 2:27 PM, Plaintiff received a 2nd unsolicited text message to her cell phone addressed to Melvin referencing the missed call from 405-546-5932:

[10] Based on an investigation conducted by Plaintiff's attorneys




29. When 405-546-5932 is dialed, an automated system identifies the company name AmONE.[11]

30. Plaintiff Minor does not know anyone with the name Melvin.

31. Plaintiff Minor has not been looking to acquire any loan-related services.

32. Plaintiff Minor has never provided consent to Defendant AmONE to receive solicitation calls.

33. The unauthorized telephone calls that Plaintiff received from or on behalf of Defendant has harmed Plaintiff Minor in the form of annoyance, nuisance, and invasion of privacy, occupied her phone memory, and disturbed the use and enjoyment of her phone.

[11] Based on an investigation conducted by Plaintiff's attorneys

34. Seeking redress for these injuries, Plaintiff Minor, on behalf of herself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

35. Plaintiff Minor brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> All persons throughout the United States (1) who did not provide their telephone number to Defendant, (2) to whom Defendant delivered, or caused to be delivered, more than one voice message or text message within a 12-month period, promoting Defendant's goods or services, (3) where the person's telephone number had been registered with the National Do Not Call Registry for at least thirty days before the text messages, (4) within four years preceding the date of this complaint and through the date of class certification.

36. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Minor anticipates the need to amend the Class definitions following appropriate discovery.

37. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

38. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant AmONE placed multiple calls within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each call;

(b) whether the text messages constitute a violation of the TCPA;

(c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

39. **Adequate Representation**: Plaintiff Minor will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Minor has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Minor and her counsel are committed to vigorously prosecuting this action on behalf

of the members of the Class and have the financial resources to do so. Neither Plaintiff Minor nor her counsel have any interest adverse to the Class.

40. **Appropriateness**: this class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Minor. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Minor and the Class)**

41. Plaintiff repeats and realleges paragraphs 1-40 of this Complaint and incorporates them by reference herein.

42. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

43. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

44. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Minor and the Class members who registered their respective telephone numbers on the

National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

45. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Minor and the Class received more than one text message in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

46. As a result of Defendant's conduct as alleged herein, Plaintiff Minor and the Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

47. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Class.

## PRAYER FOR RELIEF

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing her attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all calling activity that is done without proper consent, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Minor requests a jury trial.

DATED this 30th day of October, 2025.

**HEATHER LEE MINOR**, individually and on behalf of all others similarly situated,

DATED this 30th day of October, 2025.

By: /s/ *Rachel E. Kaufman*

Rachel E. Kaufman
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881
Email: Rachel@kaufmanpa.com

*Attorney for Plaintiff and the putative Class*