**KELLEY DRYE & WARREN LLP**
Glenn T. Graham
7 Giralda Farms, Suite 340
Madison, NJ 07940
Telephone: (973) 503-5917
Facsimile: (973) 503-5950
ggraham@kelleydrye.com

James B. Saylor (*pro hac vice* forthcoming)
3 World Trade Center
175 Greenwich St.
New York, NY 10007
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
jsaylor@kelleydrye.com

*Attorneys for Defendant*
*QuinStreet PL, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| HEATHER LEE MINOR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>QUINSTREET PL, INC., a California corporation d/b/a AmOne,<br><br>Defendant. | Case No. 3:25-CV-09348-TLT<br><br>Assigned to Hon. Trina L. Thompson<br><br>**DEFENDANT QUINSTREET PL, INC.'S ANSWER AND AFFIRMATIVE DEFENSES**<br><br>Action Filed: Oct. 30, 2025 |

Defendant QuinStreet PL, Inc. ("QuinStreet") hereby files its Answer and Affirmative Defenses to the class action complaint filed by plaintiff Heather Lee Minor ("Plaintiff") on October 30, 2025 (the "Complaint") and states as follows:

**PARTIES**

1. QuinStreet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and, on that basis, denies the allegations in Paragraph 1.

2. QuinStreet admits that it is a California registered corporation and is headquartered in Foster City, California.

3. QuinStreet admits that it operates under the brand name AmOne. QuinStreet further admits that AmOne is not a separate legal entity, and that the brand name is used in QuinStreet's consumer loan-matching business.

**JURISDICTION AND VENUE**

4. The allegations in Paragraph 4 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet admits that Plaintiff asserts federal question jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq.*

5. QuinStreet admits that the Court has personal jurisdiction over QuinStreet and that venue is proper.

**INTRODUCTION**

6. The allegations in Paragraph 6 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

7. The allegations in Paragraph 7 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

8. The allegations in Paragraph 8 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

9. The allegations in Paragraph 9 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

10. The allegations in Paragraph 10 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

11. The allegations in Paragraph 11 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

12. The allegations in Paragraph 12 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

13. The allegations in Paragraph 13 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

## COMMONALLEGATIONS

14. QuinStreet admits that it operates under the brand name AmONE. QuinStreet further admits that AmOne is not a separate legal entity, and that the brand name is used in QuinStreet's consumer loan-matching business.

15. QuinStreet admits that QuinStreet Inc. acquired AmONE Corp on October 1, 2018 and that QuinStreet owns and operates AmONE.

16. QuinStreet admits that AmONE is in the business of loan matching.

17. QuinStreet admits that AmONE places calls and sends text messages to individuals.

18. QuinStreet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and, on that basis, denies the allegations in Paragraph 18.

19. The allegations in Paragraph 19 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

20. The allegations in Paragraph 20 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet admits that Plaintiff asserts that she is bringing this action seeking injunctive relief against QuinStreet and statutory damages for the purported members of an alleged class as well as costs.

## PLAINTIFF MINOR'S ALLEGATIONS

21. QuinStreet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and, on that basis, denies the allegations in Paragraph 21.

22. QuinStreet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and, on that basis, denies the allegations in Paragraph 22.

23. QuinStreet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and, on that basis, denies the allegations in Paragraph 23.

24. QuinStreet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and, on that basis, denies the allegations in Paragraph 24.

25. QuinStreet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and, on that basis, denies the allegations in Paragraph 25.

26. QuinStreet admits that it sent the text message alleged in Paragraph 26 of the Complaint to the cell phone number ending in 0419.

27. QuinStreet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and, on that basis, denies the allegations in Paragraph 27.

28. QuinStreet admits that it sent the text message alleged in Paragraph 28 of the Complaint to the cell phone number ending in 0419.

29. QuinStreet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and, on that basis, denies the allegations in Paragraph 29.

30. QuinStreet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and, on that basis, denies the allegations in Paragraph 30.

31. QuinStreet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and, on that basis, denies the allegations in Paragraph 31.

32. QuinStreet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and, on that basis, denies the allegations in Paragraph 32.

33. The allegations in Paragraph 33 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

34. The allegations in Paragraph 34 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet admits that Plaintiff purports to bring suit seeking redress for injuries on behalf of herself and an alleged class.

## CLASS ALLEGATIONS

35. The allegations in Paragraph 35 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

36. The allegations in Paragraph 36 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

37. QuinStreet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint, and the allegations in Paragraph 37 of the Complaint state legal conclusions to which no response is required. On those bases, QuinStreet denies the allegations in Paragraph 37.

38. The allegations in Paragraph 38 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

39. The allegations in Paragraph 39 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

40. The allegations in Paragraph 40 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

## FIRST CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**

**(On Behalf of Plaintiff Minor and the Class)**

41. QuinStreet incorporates its responses to Paragraphs 1–40 as though fully set forth herein.

42. The allegations in Paragraph 42 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

43. The allegations in Paragraph 43 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

44. QuinStreet denies the allegations in Paragraph 44 of the Complaint.

45. QuinStreet denies the allegations in Paragraph 45 of the Complaint.

46. QuinStreet denies the allegations in Paragraph 46 of the Complaint.

47. The allegations in Paragraph 47 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

## PRAYER FOR RELIEF

QuinStreet denies that Plaintiff is entitled to any of the relief she seeks in the "PRAYER FOR RELIEF" paragraph of the Complaint, including subparts a–e.

## AFFIRMATIVE AND OTHER DEFENSES

By way of further response, QuinStreet asserts and alleges the following affirmative and other defenses to Plaintiff's Complaint.

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

QuinStreet had prior express invitation or permission to place any phone calls at-issue, including to Plaintiff and/or the putative class members.

### THIRD DEFENSE

QuinStreet had an established relationship with the recipients of any phone calls, including with Plaintiff and the putative classes and such relationship bars Plaintiff's and the putative class members' claims.

**FOURTH DEFENSE**

Plaintiff's individual and class claims against QuinStreet must be dismissed because neither Plaintiff nor the absent classes have suffered an injury-in-fact, and therefore, lack standing to assert or pursue the claims in the Complaint.

**FIFTH DEFENSE**

QuinStreet alleges that at all times mentioned in the Complaint, QuinStreet acted lawfully and within its legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of a legitimate business purpose. Further, QuinStreet acted in good faith in the honest belief that the acts, conduct and communications, if any, of QuinStreet were justified under the circumstances based on information reasonably available to QuinStreet.

**SIXTH DEFENSE**

Plaintiff has failed to join the necessary and indispensable parties in this action.

**SEVENTH DEFENSE**

Plaintiff's and the putative class members' claims are barred by the applicable Statute of Limitations.

**EIGHTH DEFENSE**

QuinStreet alleges that the award of statutory penalties against QuinStreet would violate the Due Process Clause of the United States Constitution and constitute excessive fines in violation of the Eighth Amendment of the United States Constitution.

**NINTH DEFENSE**

Plaintiff's and the putative class members' claims are barred, in whole or in part, by the doctrines of laches, unclean hands, and waiver.

**TENTH DEFENSE**

Plaintiff's and the putative class members' claims under the TCPA are unconstitutional.

**ELEVENTH DEFENSE**

Plaintiff's and the putative class members' claims against QuinStreet are barred, in whole or in part, by the TCPA's "Safe Harbor" provision or other "Safe Harbor" defenses.

**TWELFTH DEFENSE**

QuinStreet alleges that by Plaintiff's and the absent class members' conduct, representations, and omissions, upon which QuinStreet detrimentally relied, Plaintiff and absent class members are equitably estopped from asserting any claim for relief against QuinStreet.

**THIRTEENTH DEFENSE**

QuinStreet alleges that Plaintiff and/or the putative class members have expressly or impliedly consented to and approved all of the acts and omissions about which Plaintiff now complains. Accordingly, Plaintiff and/or the putative class members are barred from pursuing claims alleged in the Complaint.

**FOURTEENTH DEFENSE**

QuinStreet alleges that Plaintiff and the putative class members are not entitled to any relief because QuinStreet's conduct did not proximately cause any damages, injury or loss to Plaintiff.

**FIFTEENTH DEFENSE**

QuinStreet alleges that by conduct, representations, and omissions, Plaintiff and/or putative class members have waived, relinquished, and/or abandoned any claim for relief against QuinStreet respecting the matters that are the subject of the Complaint.

**SIXTEENTH DEFENSE**

Plaintiff's and the putative class members' claims against QuinStreet are barred because the phone calls that are the subject of the Complaint constitute commercial speech protected by the First Amendment to the United States Constitution and the imposition of liability on QuinStreet for such phone calls would violate its First Amendment rights.

**SEVENTEENTH DEFENSE**

Plaintiff's and the putative class members' claims are barred because QuinStreet did not engage in willful and/or knowing misconduct.

**EIGHTEENTH DEFENSE**

On information and belief, Plaintiff engineered a TCPA claim by causing a device or a person to submit authorization to call her phone number under a different name.

**NINETEENTH DEFENSE**

QuinStreet is informed and believes, and on that basis alleges, that granting Plaintiff's demand would result in unjust enrichment, as Plaintiff and the putative class members would receive more money than they are entitled to receive.

**TWENTIETH DEFENSE**

The alleged injuries and/or damages sustained by Plaintiff and the putative class members are the result of conduct of a person or persons over whom QuinStreet exercised no control.

**TWENTY-FIRST DEFENSE**

Plaintiff and the putative class members are not entitled to relief under 47 U.S.C. § 227 because QuinStreet did not make any alleged telephone solicitations to them on their residential telephone lines.

**TWENTY-SECOND DEFENSE**

QuinStreet is not liable for any violation, even if one occurred, because the violation was not intentional, and if any violation occurred, it resulted from a bona fide error notwithstanding QuinStreet's maintenance of procedures reasonably adapted to avoid any such error.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's and the putative class members' claims are barred by *res judicata*.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

QuinStreet states that it currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. QuinStreet reserves the right to assert additional defenses in the event that discovery indicates it would be appropriate.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's and the putative class members claims are subject to agreements to arbitrate and class action waiver.

WHEREFORE, QuinStreet prays for judgment as follows:

1. That Plaintiff takes nothing by reason of her Complaint;

2. That judgment be entered against Plaintiff and in favor of QuinStreet;

3. That QuinStreet recovers all expenses, costs, and attorneys' fees in connection with this lawsuit; and

4. That the Court grant QuinStreet such other and further relief as it deems just and proper.

DATED: December 15, 2025

**KELLEY DRYE & WARREN LLP**

By: /s/ *Glenn T. Graham*

Glenn T. Graham (SBN 338995)
7 Giralda Farms, Suite 340
Madison, NJ 07940
Telephone: (973) 503-5917
Facsimile: (973) 503-5950
ggraham@kelleydrye.com

James B. Saylor (*pro hac vice* forthcoming)
3 World Trade Center
175 Greenwich St.
New York, NY 10007
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
jsaylor@kelleydrye.com

*Attorneys for Defendant QuinStreet PL, Inc.*